IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDY BLAKE, and All Other Occupants;[1] <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEBRASKA, <br><br> Defendant. | 8:24CV405 <br><br> MEMORANDUM AND ORDER |

Plaintiffs Brandy Blake ("Blake") and her minor child, Zamirah Blake ("Z.B.") (collectively "Plaintiffs"), both non-prisoners, filed a pro se Complaint on October 18, 2024, Filing No. 1. Blake was given leave to proceed in forma pauperis. Filing No. 5.

The Court now conducts an initial review of Plaintiffs' Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e) and, for the reasons set forth below, finds that it is.

As a preliminary matter, Plaintiff impermissibly attempts to bring this action on behalf of herself and her minor child Z.B. "Non-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves." *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020); *see Myers v. Loudoun Cty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (collecting cases) ("We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court."); *see also*

---

[1] While Plaintiff Brandy Blake names herself and "all other occupants" as plaintiffs in the case caption, she lists Brandy Blake and "Zamirah Blake (minor)" as the sole plaintiffs in this case. Filing No. 1 at 2. As such, this Court construes the "all other occupants" in the caption as referencing only Zamirah Blake.

*Udoh v. Minn. Dep't of Human Servs.*, 735 F. App'x. 906, 907 (8th Cir. 2018) (per curiam) (affirming dismissal without prejudice of constitutional claims plaintiffs "attempted to assert on behalf of their minor daughters."); *Buckley v. Dowdle*, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009) (per curiam) (same for minor daughter); *Bower v. Springfield R-12 Sch. Dist.*, 263 F. App'x 542, 543 (8th Cir. 2008) (per curiam) (same for minor children). Therefore, Z.B. and all claims brought on her behalf are dismissed.

The Court now conducts an initial review of Blake's Amended Complaint and Supplement to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e) and, for the reasons set forth below, finds that it is.

## I. SUMMARY OF COMPLAINT

The subject matter of this case arises from the removal of Blake from a property under what appears to be a residential lease agreement.[2] Filing No. 1 at 4. Blake brings suit against Defendant under the False Claims Act, 31 U.S.C. § 3729 (the "FCA") and Federal Rules of Civil Procedure 60(A) and (B). *Id.* at 3. Blake seeks monetary damages possession of the property at issue. *Id.*

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

---

[2] The Court notes the facts in support of the claims alleged here including the lease at issue appear to be identical to another case filed by Blake, *Blake v. MIMG LXVII GEORGETOWN SUB LLC*, Case No. 24-cv-383 (the "Prior Case"). *See* Prior Case, Filing No. 6, and Filing No. 7. In the instant matter Blake references the lease as, "document id of 409234594 [which] is listed near the bottom of exhibit A," but there is no exhibit A filed in this case. *See* Filing No. 1 at 3. However, the same document including the state court judgment at issue here is filed in the Prior Case, Filing No. 6 at 4; Filing No. 7.

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### III. DISCUSSION

While Blake brings suit under the FCA and Federal Rules of Civil Procedure 60(A) and (B), her Amended Complaint must be dismissed as this Court lacks jurisdiction over Blake's claim.

First, Federal Rule of Civil Procedure 60, addresses relief from non-final judgments or orders, but does not apply to state court judgments. *See Holder v. Simon*, 384 Fed. Appx. 669 (9th Cir. 2010) ("Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment."). As the judgment Blake seeks to address here, Filing No.1 at 3, appears to have arisen in arose County Court of Douglas County, Nebraska, *see* Prior Case Filing No. 7 at 4, Rule 60 does not apply.

Second, the FCA "prohibits individuals from engaging in specified fraudulent activity, and makes persons who engage in such conduct liable to the United States government." *Williams v. Bank of Am.*, No. 2:12-cv-2513 JAM AC PS, 2013 WL 1907529, at *3 (E.D. Cal. May 7, 2013) (citing 31 U.S.C. § 3729(a)). Civil actions under the FCA may only be brought by "the United States or as a qui tam action by a private individual, wherein the private individual sues on behalf of the government as well as the individual." *Id.* (citing § 3720(b)(1)). Here, Blake's claims do not fall within the scope of the FCA because she asserts allegations in her private capacity against a private entity. As such, this Court has no jurisdiction over her claims under the FCA.

As Blake does not allege a federal question arising under the Constitution or federal law in her Complaint, and as amendment would be futile as Blake does not have

3

standing to assert claims under the FCA, and as the subject matter of her suit is a state court judgment to which Federal Rule of Civil Procedure 60 does not and cannot apply, dismissal of the Complaint without prejudice is appropriate.

    IT IS THEREFORE ORDERED that: This matter is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

    Dated this 23rd day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge